IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT BLAKELY, | § | |
| Dallas Cnty. Jail Bookin No. 20021053, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-1846-E-BN |
| | § | |
| DALLAS COUNTY JAIL SHERIFF | § | |
| DEPARTMENT and TEXAS BOARD | § | |
| OF PARDONS AND PAROLES, | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Blakely is detained at the Dallas County jail based on a parole violation. *See* Dkt. No. 3 at 1 ("Petitioner is presently confined in Dallas County jail due to having violated an administrative rule while on parole and is awaiting transport to an ISF 45 day program as a sanction from the Board of Pardons and Parole."). He has filed a Motion Requesting Compassionate Release due to Extraordinary and Compelling Circumstances in Light of Resurgence of COVID-19 Pandemic [Dkt. No. 3], which has been construed as requesting habeas relief under 28 U.S.C. § 2241.

This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

Regardless whether Blakely is requesting habeas relief under Section 2241 (because he is in Dallas County's custody) or under 28 U.S.C. § 2254 (because,

considering he was on parole, he is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a)), before seeking habeas relief from this Court, Blakely must first properly exhaust his available state remedies. *See, e.g., Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 n.1 (N.D. Tex. July 24, 2006) (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> As explained in the context of Section 2241,
>
> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>     A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Loynachan v. Davis*, 766 F. App'x 156, 159 (5th

Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A)).

This exhaustion-of-state-remedies requirement also applies "to habeas petitioners challenging parole" decisions. *Dorsey v. Stephens*, Civ. A. No. H-14-03138, 2014 WL 5821955, at *2 (S.D. Tex. Nov. 10, 2014) (citing *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998)); *see, e.g., Buchanan v. Davis*, No. 3:15-cv-920-D-BN, 2016 WL 7429465 (N.D. Tex. Nov. 14, 2016), *rec. adopted*, 2016 WL 7426144 (N.D. Tex. Dec. 23, 2016). "Such challenges are routinely presented in state habeas applications." *Dorsey*, 2014 WL 5821955, at *2 (citing *Campos v. Johnson*, 958 F. Supp. 1180, 1186 (W.D. Tex. 1997) (citing, in turn, *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App.1991))).

Blakely, who claims to suffer from "Grade 3 hypertension," asserts that the pandemic "puts him at an extremely elevated risk of contracting the virus. This jeopardizes petitioner's health, his life and also poses a great risk to the community." Dkt. No. 3 at 1.

As multiple federal courts have recognized, "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus." *E.g., Sacal-Micha v. Longoria*, ___ F. Supp. 3d ___, No. 1:20-CV-37, 2020 WL 1518861, at *6 (S.D. Tex. Mar. 27, 2020).

But the pandemic alone does not "show 'exceptional circumstances of peculiar urgency'" that excuse "the exhaustion requirement" in the context of this case. *Ray*, 2006 WL 2842122, at *1 (quoting *Deters*, 985 F.2d at 795); *see also, e.g., Evil v. Whitmer*, No. 1:20-cv-343, 2020 WL 1933685, at *1, *3-*4 (W.D. Mich. Apr. 22, 2020) (concluding that a jail detainee who alleged he was "medically fragile – and particularly susceptible to respiratory infection" – seeking relief based on "the risks of infection with the COVID-19 virus in the jail environment" could not pursue "relief under § 2241 … until after [he] pursued his state court remedies"); *cf. Chandler v. Davis*, No. 3:20-cv-86-K-BN, 2020 WL 3510728, at *2 (N.D. Tex. June 29, 2020) (noting, in the context of a construed request for release on bail pending Section 2254 habeas review, that "several judges of at least this Court have previously found that the risk of contracting COVID-19 while in custody is not an extraordinary or exceptional circumstance that could make granting bail necessary to make the habeas remedy effective" (citing *Houston v. Davis*, No. 18-cv-3199-G-BH, 2020 WL 3036616, at *2 (N.D. Tex. June 5, 2020) (citing, in turn, *Awan v. Davis*, No. 4:20-cv-135-A, Dkt. No. 13 at 2 (N.D. Tex. Mar. 27, 2020), *aff'd*, 806 F. App'x 326 (5th Cir. 2020) (per curiam)); *Risner v. Fowler*, ___ F. Supp. 3d ____, No. 3:19-cv-3078-N-BT, 2020 WL 2110579, at *7 (N.D. Texas May 1, 2020))).

Blakely must therefore pursue (and properly exhaust) his available state remedies before seeking federal habeas relief.

Because he did not do so before filing in this Court, the Court should dismiss this action without prejudice.

## Recommendation

The Court should dismiss the pending habeas action, whether construed as brought under 28 U.S.C. § 2241 or under 28 U.S.C. § 2254, without prejudice to Petitioner Robert Blakely's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 14, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE